# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KIMBERLY ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-00955-CV-W-LMC |
| | ) |
| DIKELAND SEWER DISTRICT, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is *pro se* Plaintiff's Motion for Summary Judgment (Doc. #2). Plaintiff filed her Motion for Summary Judgment on the same day she filed her Complaint (Doc. #1). Given that the Motion for Summary Judgement was filed prior to the Defendants even being served in this matter, the Court denies Plaintiff's Motion for Summary Judgment as premature. *See Moore v. Hamline Univ.*, 2024 WL 1932801, at *8 (D. Minn. May 1, 2024), aff'd, No. 24-1959, 2024 WL 4747168 (8th Cir. July 2, 2024) (noting that motions for summary judgment which were filed "prior to the deadline for Defendants to answer or otherwise respond to the Complaint[,]" are subject to denial as premature); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, (1986) (finding that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.")

The Court also notes that the Motion for Summary Judgment fails to comply with Rule 56 of the Federal Rules of Civil Procedure and Local Rules. First, Rule 56 of the Federal Rules of Civil Procedure permits granting summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Furthermore,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Additionally, Local Rule 7.0 requires that "[a] written motion must be supported and opposed with suggestions, which are a written brief containing relevant facts and applicable law. Suggestions must be concise and emphasize their primary authorities." Local Rule 56.1(a) requires that "[e]ach fact must be set forth in a separately numbered paragraph and *supported in accordance with Fed. R. Civ. P. 56(c)*." Plaintiff's motion consists of a one-page document that sets forth five undisputed facts, none of which cite material in the record. As for argument, Plaintiff merely lists several statutes (federal and state) and states "Supporting case law as in Memorandum of Law." (Doc. #2.) No Memorandum of Law is attached to the Motion for Summary Judgment. A Memorandum of Law is attached to the Complaint but again merely lists statutes and case law; there is no legal argument. Plaintiff must do more than merely list statutes she believes to be relevant. At the bare minimum, Plaintiff must provide some legal argument as

to why the statutes listed entitle her to relief.  Plaintiff, even if *pro se*, must still comply with all court rules.  *Teter v. Bettes*, 2015 WL 13357912, at *1 (W.D. Mo. July 2, 2015).

IT IS THEREFORE

ORDERED that *pro se* Plaintiff's Motion for Summary Judgment (Doc. #2) is DENIED without prejudice.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE