**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00955-DGK |
| | ) | |
| DIKELAND SEWER DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This is a debt collection case. Pro se Plaintiff Kimberly Robinson alleges Defendant Dikeland Sewer District violated her rights under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et. seq.*, and under Missouri law while collecting unpaid sewer charges.

Now before the Court is Defendant's motion to dismiss Count I of Plaintiff's amended complaint for failure to state a claim under the FDCPA and to decline supplemental jurisdiction over the remaining state law claims. ECF No. 22. For the reasons stated below, Defendant's motion is GRANTED. Count I is DISMISSED WITH PREJUDICE. Counts II through IV are DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1367(c)(3). Defendant's alternative motion for a more definite statement is DENIED AS MOOT.

**Legal Standard**

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief." A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, a court "must accept as true all of the complaint's factual allegations and view

them in the light most favorable to" the plaintiff. *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.* Rule 8 "does not require detailed factual allegations" to show facial plausibility, "but it demands more than an unadorned, the-defendant-harmed-me accusation." *Id.* "Asking for plausible grounds to infer [a defendant's liable conduct] . . . simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" thereof. *Twombly*, 550 U.S. at 556.

In reviewing the complaint, a court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enf't Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). A court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012).

A pro se complaint must be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and "pro se litigants are held to a lesser pleading standard than other parties," *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). "However, this standard does not excuse pro se complaints from alleging sufficient facts to support the claims advanced." *Gerstner v. Sebig, LLC*, 386 Fed. App'x 573, 575 (8th Cir. 2010) (modified, citation omitted). A court will

not "supply additional facts" or "construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

**Background**

This is Plaintiff's second suit against Defendant arising from the same sewer account. On December 21, 2020, she filed a motion for leave to proceed in forma pauperis under the name Ix Kelem Lum'a. *Lum'a v. Dikeland Sewer Dist.*, No. 4:20-cv-00997-SRB (W.D. Mo. Dec. 30, 2020). The court denied her motion because the complaint failed to state a claim under the FDCPA:

> Here, Plaintiff has failed to adequately allege that Dikeland is a "debt collector." Plaintiff does not allege that Dikeland's principal purpose is the collection of debts. Plaintiff does not allege that Dikeland regularly collects or attempts to collect debts owed to another. Finally, Plaintiff does not allege that Dikeland used any alternative name which would indicate that a third person was attempting to collect a debt. Although Plaintiff summarily alleges that Dikeland is "a debt collector," such conclusions do not state a claim.

*Id.* at 3.

Given Plaintiff's pro se status, the court allowed her to file an amended complaint by January 21, 2021, and warned that "if Plaintiff fails to timely file an amended complaint, or if the amended complaint does not state a claim upon which relief may be granted, this case will be dismissed without further notice." *Id.* at 4–5. No amended complaint was filed, and the case was dismissed on January 28, 2021, "under 28 U.S.C. § 1915(e)(2)(B)." *Lum'a v. Dikeland Sewer Dist.*, No. 4:20-cv-00997-SRB (W.D. Mo. Jan. 28, 2021).

Plaintiff filed this action on December 9, 2025.[1] That same day, Plaintiff also filed a motion for summary judgment along with her complaint. ECF No. 2. The Court denied summary judgment as premature. ECF No. 4. Defendant then moved to dismiss, ECF No. 6, but before the Court ruled, Plaintiff filed her First Amended Complaint, ECF No. 7. Defendant again moved to dismiss. ECF No. 22. The relevant allegations are as follows.

According to Plaintiff, Defendant "is a sewer utility operating in Missouri." ECF No. 7 ¶ 2. She alleges federal question jurisdiction, "because this action arises under the Fair Debt Collection Practices Act," and supplemental jurisdiction "over related state-law claims." *Id.* ¶¶ 3–4. Plaintiff alleges she "lost her job in 2019 and fell behind on sewer payments" and that Defendant then "ceased billing Plaintiff, concealing the true balance." *Id.* ¶¶ 6–7. She further alleges Defendant "imposed 5% compound interest without any written agreement or prior disclosure to Plaintiff" and "imposed disconnection and reconnection fees, including but not limited to a $764.04 disconnection fee and additional reconnection charges, none of which were disclosed in the service contract or otherwise agreed to by Plaintiff." *Id.* ¶¶ 8–9. She also contends that Defendant "mailed billing statements via postcard, exposing Plaintiff's alleged debt to the public," "disclosed Plaintiff's alleged debt to neighbors and Plaintiff's realtor,"

---

[1] In her initial filings, Plaintiff cites several cases that the Court could not locate and do not appear to exist. ECF No. 1-1. Plaintiff also cites multiple cases for propositions they do not support and for quotations they do not contain. For example, *DIRECTV, Inc. v. Cephas*, 294 F. Supp. 2d 760, 764 (M.D.N.C. 2003) is quoted as saying that the FDCPA applies to entities "functioning as debt collectors, regardless of original creditor status", ECF No. 1-1 at 2, but that sentence appears nowhere within that opinion which addressed whether demand letters alleging theft fell within the reach of North Carolina's state counterpart to the FDCPA. *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 62 (2d Cir. 2004) is cited for the proposition that "Courts have consistently held that municipalities, utilities, and public districts may be considered debt collectors," ECF No. 1-1 at 2, but that case addresses when a lawyer or a law firm becomes a debt collector; no public entity appears in it. "These errors bear the hallmarks of artificial intelligence hallucinations." *Mills v. City of St. Louis*, No. 4:25-CV-1219-MTS, 2025 WL 3470293, at *1 (E.D. Mo. Dec. 3, 2025). Plaintiff certified that her pleading "is supported by existing law." ECF No. 1 at 6; *see* Fed. R. Civ. P. 11(b)(2). "Providing the Court with fake cases and forged quotations cannot be squared with Rule 11(b)." *See Mills*, 2025 WL 3470293, at *1; *see also Sanders v. United States*, 176 Fed. Cl. 163, 170 (2025) (collecting cases where courts have sanctioned pro se litigants for citing fake, AI-generated cases and legal misstatements). Pro se status relaxes what the Court expects of a filing's form; it does not remove the duty to read a case before telling a court what it holds. Although the Court could impose significant sanctions on Plaintiff, it declines to do so because it is dismissing this case.

"recorded a lien based on disputed charges," "threatened foreclosure," "threatened to cause Plaintiff's water service to be disconnected," and "represented that laws prohibited Plaintiff from bringing water onto her property for use." *Id.* ¶¶ 10–14, 16. Plaintiff claims that after Defendant "disconnected Plaintiff's sewer service based on disputed charges," she was told that "water service could not be provided to a property lacking functional sewer service," leaving her without running water. *Id.* ¶¶ 19, 21–22.

Count I, the sole federal claim, alleges Defendant "engaged in debt collection activity by attempting to collect payment of an alleged debt through the use of coercive measures" and that its "conduct brings it within the scope of 15 U.S.C. §1692a(6), as Defendant used methods and practices characteristic of a debt collector." *Id.* ¶¶ 41–42. Counts II through IV allege violations of the Missouri Merchandising Practices Act, slander of title, and unjust enrichment. *Id.* ¶¶ 48–56.

## Discussion

### I. Plaintiff fails to state an FDCPA claim.

To state a prima facie case for a violation of the FDCPA, a plaintiff must allege: (1) the plaintiff is a consumer; (2) the defendant is a debt collector; (3) the debt collector attempted to collect a debt; and (4) the debt collector violated the FDCPA in some manner. *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1001 (8th Cir. 2011)).

Plaintiff's claim fails, because she has not plausibly alleged that Defendant is a debt collector. Thus, Plaintiff fails to state an FDCPA claim.

Plaintiff's claim fails, because the FDCPA controls the conduct of debt collectors, not creditors. *See Schmitt v. FMA All.*, 398 F.3d 995, 998 (8th Cir. 2005) (observing that "[a] distinction between creditors and debt collectors is fundamental to the FDCPA, which does not

regulate creditors' activities at all"). The Act defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A creditor, by contrast, is "any person who offers or extends credit creating a debt or to whom a debt is owed." *Id.* § 1692a(4). A creditor only becomes a debt collector if "in the process of collecting his own debts," he "uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id.* § 1692a(6).

Plaintiff's allegations only make Defendant a creditor to whom Plaintiff owed a debt: Defendant supplied her sewer service, she "fell behind on sewer payments," and Defendant pursued the resulting balance. ECF No. 7 ¶¶ 2, 6, 10. Plaintiff has not alleged that Defendant used any other name to collect its debts, and every communication attached to her amended complaint displays Defendant's own name on its letterhead. *See* ECF No. 7-1; *see also Duhart v. LRAA Collections*, 652 F. App'x 483, 484 (8th Cir. 2016) (holding that ambulance provider was a creditor where it "was attempting to collect its own debt, and used its own name to do so"). And Plaintiff has alleged that Defendant is a sewer district, not a debt-collecting business, so the FDCPA does not apply. *See Reygadas v. DNF Assocs., LLC*, 982 F.3d 1119, 1125 (8th Cir. 2020) (describing the FDCPA's "principal purpose" definition as reaching an entity whose "most important aim" is to collect debts). Thus, under the FDCPA, Defendant is a creditor and not a debt collector.

Though Plaintiff asserts Defendant "acted in the capacity of a debt collector," ECF No. 7 ¶¶ 42, 46, she "may not simply label in a complaint a defendant as a 'debt collector' for statutory purposes; rather, [she] must plead sufficient facts to show [Defendant] [is a] 'debt collector[].'"

*Nwonwu v. Johnson*, No. 6:22-CV-03060-MDH, 2022 WL 17093937, at *2 (W.D. Mo. Nov. 21, 2022). She has not done so.

In her opposition, Plaintiff argues that "[d]iscovery may reveal facts concerning Defendant's billing arrangements, fee assessments, collection practices, and relationships with third-party entities that bear directly upon Defendant's characterization of its role under the FDCPA." ECF No. 25 at 4. But this reverses the order of things. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

Because Plaintiff has failed to allege that Defendant is a debt collector, she fails to state an FDCPA claim. And because this is Plaintiff's third attempt to plead an FDCPA claim, the Court dismisses Count I with prejudice, as further attempts at amendment would be futile.

**II. The Court declines to exercise supplemental jurisdiction.**

Count I was Plaintiff's only federal claim. While the Court has "broad discretion to exercise supplemental jurisdiction over any remaining state-law claims," *Thomas v. United Steel Workers Local 1938*, 743 F.3d 1134, 1141 (8th Cir. 2014), it "may decline to exercise supplemental jurisdiction over a claim under [§ 1367](a) if . . . [it] has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3). "The factors a court should consider in determining whether to exercise jurisdiction over pendent state law claims are judicial economy, convenience, fairness, and comity." *Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016). "When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually will point toward declining to exercise jurisdiction over the remaining state law claims." *In re Canadian Imp. Antitrust Litig.*, 470 F.3d 785, 792 (8th Cir. 2006).

The balance of interests weighs in favor of declining to exercise supplemental jurisdiction over the remaining state law claims in this case. This case remains in the initial stages of litigation, so there is little, if any, interest in judicial economy or convenience and fairness to the parties. Accordingly, the Court declines to exercise supplemental jurisdiction.

**Conclusion**

For the reasons discussed above, Defendant's motion to dismiss (ECF No. 22) is GRANTED. Count I is DISMISSED WITH PREJUDICE. Counts II through IV are DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1367(c)(3). Defendant's alternative motion for a more definite statement is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date: September 24, 2026

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT